## Galt, etc., v. Seaboard Construction Co.

*J. S. Conwell, Jr.*, for plaintiff.

*H. N. Ball*, for defendant.

SMITH, P. J., March 31, 1948.—This matter comes before the court on defendant's preliminary objections to plaintiff's complaint in assumpsit.

A reading of the complaint in assumpsit shows that defendant's motion for a more specific pleading is justified. Plaintiff generally alleges the delivery of 9,249.60 tons of jetty stone under an agreement providing for the delivery of approximately 31,000 tons. The complaint also sets forth that the stone was deliv-

ered from November 19, 1945, until June 28, 1946, without specifying the dates of the said delivery. It also claims interest from April 23, 1946, which is 60 days after the average delivery of the said stone. The complaint should also set forth facts which show the nonnecessity for the delivery of the 31,000 tons of stone in order to comply with his contract. Defendant is entitled to this information because under the pleading, defendant cannot be aware whether plaintiff is claiming on a quantum meruit for the 9,249.60 tons delivered or for goods sold and delivered under a written contract, the ultimate full performance of which defendant made impossible by his act or actions.

This entire question is discussed in 3 Standard Pa. Practice §155. At page 338, it is stated that the pleadings of the dates on which the goods were actually delivered under the terms of a written contract are essential. This is true where this plaintiff is attempting to establish interest from an average date of delivery. Plaintiff should file an amended complaint, setting forth: (a) The dates on which he made deliveries of stone in accordance with the provisions of his written contract, and the number of tons delivered on each date; (b) the facts upon which he believes he has a right to institute a cause of action upon a written contract to sue for approximately 9,200 tons delivered when the contract itself calls for the delivery of 31,000 tons. If the plaintiff complies with this suggestion, and files a more specific statement of claim, it should supply defendant with sufficient facts so that he may be able to answer said complaint.

### Order

And now, to wit, March 31, 1948, plaintiff is directed to file a more specific complaint in assumpsit within 15 days, otherwise preliminary objections will be sustained.